Foot contra.
Two objections may be made to this motion. First, that as it comes before the court on certiorari, errors ought to have been assigned; the motion to quash is therefore improper. There is to be sure no express authority for this position, but it may be supported on general principles; where proceedings are removed and a return made, the praCtice is to assign errors. The first five exceptions are merely as to the form of the return. For that of a justice of the peace, there is none. He sends up all the proceedings before him. On examination, the court will see there must necessarily have been a complaint, and that if there had been a traverse, it would have been in writing, as all the proceedings are sent up ; if therefore it does not appear it could never have been taken. The only ground is that by the charge in the indictment it does not appear when the forcible entry took place. The entry is not material, the detainer is the crime; the statute is against either forcible entry or detainer, therefore unnecessary to state more than the detaining. From the nature of the transaction, and the authority being given to the magistrates, complaints of this kind must necessarily be before such as are not acquainted with forms, and therefore the court will not insist on a rigid adherence to them.
*128 Emmott in reply. The practice ppw adapted, is that of every day both in this, and thg English cpiuts* Because-¿fog authority ip cases of this sort is .given tR magistrates, it is contended that no kind of forms are to he observed: -the power is of a dangerous nature, and in a degree gives a right to try "tides to land : this court will therefore keep it under .striR cpntroul, The record should therefore set forth' the 1 complaint duly exhibited according to the statute." 1 Rev. Uaws. 102. and also thp regular police ordained,- ib-id. IQS. Nor do.eg it appear that any judgment has been given on the . conviction. But the most .important 'fact is totally omitted; ’ the entry-hy force when the .seisin was-in Millerman. This * ought to have fully appeared, whereas his seisin is said to ¡have been -5C long since* and-might have been discontinued. The statute is particularly framed against -forcible .entries, the detaining .is only a continuation of the crime .of forcible entry; for if‘the entry, was by right, and peaceably, the. defendant might be entitled to. detain by force. 1 .
Lewis G. I. delivered the opinion of .the court. •
IN this cause, a motion is made to. quash an indidtment Y ■of forcible, entry and detainer, found in Rensselaer county on the. 24th of March 1-801, before John Cumptock, Esquire. The indictment states, that S;amuel Millerman ‘S long since* ■was lawfully, and peaceably, seised, in his demesne, 'as, of fee, .of a dwelling house & c. in Hoasick, and that the, defendant on the 14th of the same month, with strong hand and ,armed } force, the said- messuage, and freehold did without law detain, and. hep. out.- the said S1am.uel from the said 146h of March until the. day &c. and.still doth &c.
The return of the justice, to, the wi;it of certiorari; states the bill of indiRment; the. notice served on, thp defendant, the warrant to. the. sheriff for summoning a jury-to inquire of the detainer. Ac. the writ of restitution issued; and there stops.
There are two. substantial and incurable defeats- in. this indidtment.
1-. It doth not state that the prosecutor, was. seised at. the time zs’c. not even by implication, and this is necessary-to be stated. Bacon tit, Forcible Entry and;Detainer, E. vol. 2. p.
*129 561, 2, 6. Cro. Ja. 214. Sir Nicholas Polint s tase. Do. 639 1 Bridges case.
2. It does not state any entry peaceable, or forcible by j ■defendant, whichmust be stated; for without an entry; it; does not appear but the party was in' possession a> sufficient | ‘ length of tiine to justify his detaining by force. Bacon tit. ‘ Forcible En. and Det. E; or vol. 2. 562, 6. Cro. Ja. 19. 20. 151.—1 Hawk. c. 64. sec. 40.
From* the general discretionary power this Court has in these cases, they may. Set a restitution aside, and award a< re-r'estitutioff (.whenever it shall appear that restitution hath' been illegally" awarded) either for insufficiency, oí defeft in' the indi'ftmetit,. Or other cause 2 Ba. For. Ent. and Det; letter G, page 565.
I am therefore of Opinion the motion be granted. It Was decided in this court in the case of Beebe and others,' ad. setm. The People,* that if the indiftment be bad, re-restitution must follow of course ; and-in'that case the indiftment was quashed, and re-restitution awarded. But this Case is not within any of the-statute provisions’for costsf and none are recoverable^ The statute. (.1 vol. Rev. laws 104) gives costs only when the-party indifted-traverses the-indiftment and is convifted;. arid no traverse is returned,' or stated in the present case.
The judgment of the court is, that the indictment and proceedings'be set aside, and a- writ Of re-restitution awarded)' without costs on either side;-

 January term, 1802