THE PEOPLE, *ex relat.* BRINKERHOFF, *against* NELSON.

*An indictment for a forcible entry and detainer under the statute (Sess. 11 ch. 6. 1 N. R. L. 98.) must set forth a seisin or possession within the purview of the act, or whether the estate of the relator be a freehold or a term of years; and on the traverse the allegation as to his estate must be proved by the relator.*

*Though the defendant cannot justify the force, by showing a title in himself, he may controvert the facts, by which the relator attempts to show a title in himself.*

*A purchaser under a fi. fa. at a sheriff's sale, has no right to enter on the premises, unless they are vacant. The sheriff can deliver the legal possession; but in order to obtain actual possession, the purchaser must resort to his action of ejectment.*

THIS was an indictment for forcible entry and detainer. The proceedings before the justice were removed into this court by *certiorari;* and the traverse was tried at the *Dutchess* circuit, in *August*, 1815, before Mr. Justice *Van Ness.* The inquisition taken before a justice of the peace of *Poughkeepsie*, found, "that Stephen Brinkerhoff of *Poughkeepsie*, blacksmith, long since lawfully and peaceably was possessed of, and in, one messuage, with the appurtenances, in *Poughkeepsie*, aforesaid, in the county aforesaid, and his possession so continued, until *Arnold Nelson*, late of the town of *Poughkeepsie*, labourer, on the 8th of *May* instant, with strong hand and armed power, into the messuage aforesaid, with the appurtenances aforesaid, did enter, and him the said *Stephen* thereof dispossessed, and with strong hand expelled; and him, the said *Stephen*, so dispossessed and expelled from the said messuage, with the appurtenances aforesaid, from the said 8th day of *May* until the taking of this inquisition, with like strong hand and armed power did keep out," &c.

At the trial, the relator proved that he and his family had lived in the house about two years, and that, in *May*, 1815, *Benjamin Herrick*, *Arnold Nelson*, *John Lewis*, and *Clapp Raymond*, who was a deputy sheriff, were at the house with wagons with furniture, which they were putting into the house, when *Brinkerhoff*, who had been absent, came home, and forbad *Nelson* from taking possession, or entering the house, or doing any thing on the premises.; *Raymond*, the deputy sheriff, arrested *Brinkerhoff* on a *ca. sa.*, and took him away. Mrs. *Brinkerhoff* was in the house, and staid there some time. There were no arms or force used, nor any violence. The witness knocked at the door, and was asked to walk in. The relator was absent, and his wife in bed. The business appeared to have been arranged by the deputy sheriff, who took *Brinkerhoff* on the execution; and he delivered all the possession he supposed he had a right to do, by law, to *Herrick*, who then gave possession to *Baldwin*, and he delivered the possession to *Nelson*, who staid there.

ALBANY,
August, 1816.

THE PEOPLE
v.
NELSON.

The defendant moved to quash the indictment, for various defects, and particularly, because the interest of the relator in the premises was not set forth; but the judge decided that the defendant could only take advantage of any insufficiency in the indictment, on a motion in arrest of judgment. The defendant offered in evidence a judgment of this court, in favour of *Leonard Davis*, against *Brinkerhoff*, and a *fieri facias* issued thereon, under which the premises in question were sold at the sheriff's sale to *Herrick*, and a deed executed to him by the sheriff; and to prove that *Raymond*, the deputy sheriff who made the sale, on receiving the money, made the entry on the premises, and delivered the possession to *Herrick*, as stated by the witness of the plaintiff; and that *Herrick* accordingly entered, and which was the entry complained of by the relator. The evidence thus offered was overruled by the judge, who directed the jury to find a verdict against the defendant, and the jury found accordingly.

A motion was made, 1. In arrest of judgment, and, 2. For a new trial; because the judge improperly overruled the evidence offered by the defendant to show a title in himself, and a right to enter.

*J. Tallmadge*, for the defendant, contended, that the indictment contained no description of any estate in the relator. The tenant must allege that he was disseised, and for that purpose he ought to set forth his seisin, or the nature of his estate, so that it may appear that he was seised at the time.* The indictment is, in this respect, clearly defective.

Next, the evidence offered by the defendant ought to have been received. The deed of the sheriff showed the plaintiff's right of entry. The sheriff had authority to transfer the possession to the purchaser. It is his duty to deliver the possession to him, if required; otherwise, few persons would be willing to become purchasers at a sheriff's sale. There are no *English* adjudications on this point, because, in *England*, the fee of the land is never sold on execution. In *McDougall* v. *Sitcher*,† the court held, that a purchaser of real estate, under a *fieri facias*, might enter and take possession in a peaceable manner. After the sale of the land to the sheriff, the tenant becomes, *quasi*, a tenant at will to the purchaser.‡

* *People* v. *Shaw*, 1 *Caines*, 125 *People* v. *King*, 2 *Caines*, 98. 1 *Ld. Raym.* 610 4 *Com. Dig. Forc. Ent. and Det.* (D 4.) 3 *Bac. Ab Forc. Ent. and Det.* (E.)

† 1 *Johns Rep.* 42.

‡ *Jackson, ex dem. Kane*, v. *Sternbergh*, 153.

THE PEOPLE
v.
NELSON.

* 2 Shower, 85.
3 Keble, 243. 3
Term Rep. 295.
2 Wms, Saund.69.
e. n. 2 Tidd's
Pr. 960. Bull.
N. P. 104.
† 11 Johns Rep.
504.

‡ Went. Pl.
148.

§ 4 Johns. Rep.
150.

*Oakly*, contra. The sheriff has no authority to deliver the actual possession on a *fi. fa.* He cannot turn the tenant out, and put the vendee in, but the purchaser must resort to his action of ejectment.*

Then, as to the sufficiency of this indictment. In the case of *The People* v. *Leonard*,† the court say, that on an indictment for a forcible entry and detainer, the title to the premises does not come in question; and it is enough to entitle the relator to judgment, if he shows that he was in peaceable possession, at the time of the defendant's forcible entry. There need be no more alleged in the indictment than is sufficient to enable the plaintiff to recover; and that is a peaceable possession in him at the time. There is, in *Wentworth's Entries*,‡ a precedent of this form of indictment.

*P. Ruggles*, in reply, observed, that in *Hyatt* v. *Wood*,§ *Spencer*, J., in delivering the opinion of the court, lays it down, that no man can recover, upon a claim of right to property, against another, whose rights to the subject matter are superior to those of the person so claiming damages for a violation of his supposed rights. It is true, that was a civil action; but the principle is equally applicable to this case.

It is admitted, that possession is evidence of seisin; but that does not dispense with the necessity of alleging a seisin. As, in *trover*, the plaintiff must allege a conversion, though a demand and refusal may be sufficient evidence of it.

SPENCER, J., delivered the opinion of the court. The defendant moves in arrest of judgment, and for a new trial, on the ground, that the evidence offered on his part, which went to show a title in himself to the premises, was overruled.

The inquisition does not state, that *Brinkerhoff* was either seised of the premises, or that he had a term of years therein, yet to come and unexpired: it states only, " that *Stephen Brinkerhoff*, of *Poughkeepsie*, aforesaid, blacksmith, long since lawfully, and peaceably, was possessed of, and in, one messuage, with the appurtenances in, &c., and his possession so continued, until *Arnold Nelson*, late of, &c., on the 8th day of *May*, instant, with strong hand and armed power, into the messuage aforesaid, with the appurtenances aforesaid, did enter, and him, the said

*Stephen*, thereof dispossessed, and with strong hand expelled," &c.

There can be no doubt that this indictment is bad in substance. The 6th section of the statute (1 *N. R. L.* 98.) to prevent forcible entries and detainers, enacts, that the act " shall extend as well to tenants for years, and guardians, as to such as have estates of freehold." The statute of 21 *Jac.* ch. 15., extended the remedy of the former statutes of forcible entry and detainer, to lessors for years and copyholders; and in the case of the *Queen* v. *Taylor*, (7 *Mod.* 123.,) where the indictment was upon the statute of 8 *Henry* VI., ch. 9., it did not allege that the party had been seised, and disseised by force; and, upon a motion to quash the indictment, *Holt*, Ch. J., with the concurrence of the whole court, after stating the extension of the statutes, by the statute of 21 *James*, ch. 15., observes, " the present case is upon the statute of *Henry* VI., upon which you must always allege a freehold and seisin in somebody, and if it be an entry upon a lessee for years, you must say, the entry was made into the freehold of A., in the possession of B., and so he disseised A.; and, of necessity, there must be a disseisin of the freehold laid." The general position of Lord *Holt* is warranted by all the cases, that the indictment must set forth a seisin, or possession, within the purview of the statute. The party must be shown to be dispossessed of a freehold, or to be disseised of a term of years, yet to come and unexpired. Tenants at will, or sufferance, are not protected by the statute, and yet, if it were not essential to allege the estate, and bring it within the reach of the statute, tenants of that description might avail themselves of the remedy afforded by the statute, contrary to its plain intendment. It is unnecessary to cite further cases from *English* reports. The point has been decided in this court repeatedly. (*Shaw* ads. *The People*, 1 *Caines*, 125., and *The People* v. *King*, 2 *Caines*, 98.) In the last case, the late Chief Justice mentions, also, the case of *Beebe* ads. *The People*, not reported.

As to the second point, the case of *The People* v. *Leonard*, (11 *Johns. Rep.* 509.,) decides, that the right and title of the defendant cannot be gone into; that the statute was made to prevent persons from doing themselves right by force. As it respects the relator's title, I do not mean to be understood, that he is to give precise technical proof, that he has a seisin of a

freehold, or a term for years; any evidence, from which either of these estates may be inferred, would be sufficient. But, upon the traverse, he must show every material allegation in the indictment to be true; and the estate, we have seen, is material, and it necessarily must be proved. Whatever must be proved, may be disproved, and it follows, naturally, that, though the defendant shall not justify the force, by showing a title in himself, derived from an independent source, or even from the relator himself, he may controvert the facts by which the relator attempts to make out his estate, and may show that he has not such an estate as would enable him to maintain the prosecution. It was urged, on the argument, that it appearing that *Herrick* had purchased the premises, upon a *fi. fa.* against *Brinkerhoff*, he had a right to enter under that purchase, and take possession. Had the premises been vacant, I agree that he might have entered, without any danger from the statute; but they were not vacant; and, notwithstanding what fell from Mr. Justice *Livingston*, in *M'Dougall* v. *Sitcher*, (1 *Johns. Rep.* 43.,) I am decidedly of the opinion that the entry was unlawful.

*Tidd* says, speaking of the *elegit*, (vol. 2. p. 941,) it was formerly usual for the sheriff to deliver actual possession of a moiety of the lands, but that he now only delivers legal possession, and, in order to obtain actual possession, the plaintiff must proceed by ejectment; and he states the practice to be the same upon an *extent*. (2 *Tidd's Pr.* 950.) Our practice is, not for the sheriff to deliver possession; he has no authority for doing so; he is commanded merely to sell; and the purchaser has no more right to enter after his purchase than he has to enter upon any other lands in the actual possession of another, and to which he has title.

                                        *Indictment quashed.*