EVERTSEN *vs.* SAWYER.

THIS was an action of *assumpsit*, tried at the Albany circuit, in August, 1826, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The plaintiff claimed to recover for the use and occupation by the defendant of a fulling-mill and carding machine from the 1st May, 1821, to the 1st November, 1823, (being a period of 2 years 6 months.) The plaintiff held the premises as the assignee of a lessee of Stephen Van Rensselaer, Esq., the term of which demise expired the 1st November, 1823. The defendant entered under the plaintiff, in June, 1820, and paid rent to the 1st May, 1821, when all the interest of the plaintiff in the premises was sold by virtue of a judgment and execution against him, and purchased by Stephen Van Rensselaer, Esq., to whom a deed was executed by the sheriff on the 5th April, 1823. Shortly after the sale to Mr. Van Rensselaer, an arrangement was made by his agent with the defendant, that the defendant should remain in possession of the premises until a sheriff's deed under the sale could be obtained, when a lease should be executed to him. No legal proceedings were had under this purchase to divest the possession of the plaintiff in this suit. It further appeared, on the part of the defendant, that on the 11th May, 1820, the plaintiff assigned all his interest in the premises to one Rufus

*The assignment by the assignee of a term for years of his interest, by way of mortgage for the security of a debt, does not divest him of his estate, and destroy the relation of landlord and tenant between him and his tenant, if the debt for which the term was mortgaged be paid or satisfied previous to the accruing of the rent.*

*Nor does the sale of such an interest by virtue of a judgment and execution destroy such relation previous to the purchaser obtaining possession; if, however, the tenant to the defendant in the execution disclaims the title of his landlord by attorning to the purchaser, though such attornment is void by statute as divesting the landlord of his possession, yet the disclaimer may be set up as a bar to the landlord's right to recover rent accruing after the time that the right of redemption has expired.*

*Until the expiration of one year after the sale of lands and tenements, the defendant in the execution is entitled to the possession of the same, and to the rents and profits, without accountability to any one.*

*A sheriff's deed, since the act allowing redemptions, cannot relate further back than to the expiration of the time for redemption; and such deed gives not the right to the purchaser to take possession: it must be recovered by ejectment.*

*In an action for use and occupation, where there has been a tenancy at a specified annual rent, and there is a holding over, the tenant will be deemed to hold upon the terms under which he entered; but he is not precluded by an agreement to pay a fixed sum for a term less than a year.*

*The omission by a jury to deduct from the sum allowed as rent in an action by the assignee of a term the ground rent, is no cause for a new trial, if the question was not raised at nisi prius.*

Brown, who testified, however, that the assignment was made to him only as security for the payment of a debt; that in 1821 he obtained other securities and returned the assignment; whether he re-assigned the lease he could not say, but believed he did. To regulate the amount of the rent, the plaintiff produced in evidence a written agreement between him and the defendant, dated in 1820, whereby the defendant agreed to pay to the plaintiff the sum of $375 for the use and occupation of the premises from the 26th June, 1820, until the 1st May, 1821. The defendant proved (although the testimony was objected to) that the annual value of the premises did not exceed $200. The presiding judge charged the jury that if they were satisfied that the relation of landlord and tenant existed between the parties, to allow such sum by way of rent as to them it should appear the premises were worth; that the written agreement afforded no rule for the estimate of damages; and that the plaintiff was entitled to recover rent only for the space of fifteen months after the sale to Mr. Van Rensselaer; to which charge both parties excepted. The jury found a verdict for $324 37, being 15 months' rent at $200 per annum, and the interest of same.

*J. L. Wendell,* for plaintiff.

*A. Van Vechten,* for defendant.

*By the Court,* SAVAGE, Ch. J. In this case, both parties agree that a new trial ought to be granted; but, as they disagree as to the reasons, the opinion of this court upon the points raised is desired, and, indeed, is necessary. The plaintiff contends that he was entitled to recover rent to the end of the term, which was 2 years and 6 months, from the time that the last rent was paid, and that the rent should be calculated at the sum stated in the agreement of 1820; and, of course, insisted that the testimony of the annual value was improperly admitted. The defendant contends, 1. That the rent accruing after the assignment to Brown, and before a re-assignment, is recoverable in the name of Brown alone; 2. That the ground rent due to Gen. Van Rensselaer should have been deducted from the annual value proved, and conse-

quently the verdict is for too much; 3. That the redemption act has no relation to terms for years; and 4. That when lands and tenements are sold at sheriff's sale and not redeemed, the deed subsequently given operates by relation from the time of the sale.

Without a formal discussion of these points, I propose to enquire what was the relation between these parties, and what were their rights and liabilities on the 1st May, 1821.

There can be no doubt, that before the sheriff's sale on that day, the relation of landlord and tenant existed, unless it was broken by the assignment to Brown. There is no doubt that the assignee of the lessee is entitled to rent accruing during the time he is assignee. If Brown, therefore, was the real assignee, the rent accruing while he was assignee belonged to him, and can be recovered in his name only; but Brown swears that the assignment to him was as security for a debt; in other words, it was mortgaged to him, and the debt, being otherwise secured to him in 1821, the assignment became void before any rent became due. It seems to me, therefore, that the relation of landlord and tenant remained, notwithstanding the mortgage to Brown. The only other fact which could have had any effect upon the relation of these parties is the sheriff's sale. If it be true that the premises were bona fide in the hands of Brown, as assignee, at the time of the sale, then nothing passed to the purchaser; nothing was sold; and the sale had no effect upon the rights of the parties. But upon the supposition that Brown had only a mortgage, then the plaintiff's interest in the premises was sold. That interest consisted in a right to occupy the premises for two years and a half from the 1st May, 1821, subject to the payment of the ground rent to S. Van Rensselaer. The plaintiff's interest was a chattel real, not liable to be sold and transferred by delivery of the sheriff, like chattels personal; not liable to be sold on a justice's execution as goods and chattels, but to be considered and treated in the sale as *real estate.* What was the effect of the sale? Before the act of April 12, 1820, allowing the redemption of lands and tenements, the title to real estate might be, and usually was, transferred, immediately up-

on the property being bid off at auction. The title, however, never was changed, until a deed was executed. It has been said that after the property was knocked down, and the money paid, all the beneficial interest of the former owner was gone ; and so it is, where the sale is followed up by a conveyance : but strictly the property is not changed until the sheriff's deed is executed. That deed, though executed long after the sale, has been holden to relate back to the time of the sale. All the cases on this subject, where the deed was held to relate to the time of the sale, arose upon sales anterior to the act of 1820. By that act, the sheriff cannot convey till fifteen months shall have expired after the sale. This is known to the purchaser, who bids with a knowledge that he cannot have title nor possession for that length of time. If he fails of obtaining title, he receives ten per cent. for his money. Who is entitled to possession in the mean time ? As the possession cannot be changed till the question of title is determined, clearly the defendant in the execution remains in possession, and receives the rents and profits, without accountability to any one. This point was so adjudged in *Bissell* v. *Payn*, (20 *Johns. R.* 3,) where it is expressly said, that " until the sheriff's deed is executed, the purchaser has a *lien* only on the land. He has no title to the rent which has accrued prior to the time when the right of redemption expired." The judge at the trial was therefore correct in saying that until the time of redemption expired, the plaintiff was entitled to the rent. In the case last cited, the court say further : " The terms of the statute do not require the construction that the deed, in its operation and effect, shall retrospect to the day of sale, which must always be fifteen months before the execution of the deed by the sheriff ; and it would be very inconvenient and unjust to deprive the judgment debtor of the rents accruing during that interval of time." The construction here given to the act is, that the sheriff's deed cannot relate farther back than the expiration of the time of redemption.

It is contended that the plaintiff's interest, being a term for years, and not subject to the lien of a judgment, is not subject to the provisions of the act of 1820 ; but it has been de-

cided that a term is included within the word *tenements* used in the act. (2 *Cowen*, 497.) It was there held that the debtor, whose term had been sold, might redeem, but that a creditor cannot, because his judgment is not a lien on a term. This distinction arises out of the different phraseology of the second and third sections of the act. Until the expiration of one year, therefore, it is clear the plaintiff was entitled to the rent, and the purchaser at the sheriff's sale had but an inchoate interest. The sheriff's deed was in fact executed in April, 1823, and, I apprehend, according to the doctrine of relation as settled in this court, must relate to the 2d May, 1822, when the purchaser was entitled to a deed. But suppose the deed to have been executed when it ought to have been, that did not give the purchaser possession. The possession was in the plaintiff by his tenant, and the purchaser could only obtain possession by his action of ejectment, as in other cases. In *The People* v. *Nelson*, (13 *Johns. R.* 344,) Spencer, Justice, says : " Our practice is, not for the sheriff to deliver possession ; he has no authority for doing so. He is commanded merely to sell, and the purchaser has no more right to enter after his purchase than he has to enter upon any other lands in the actual possession of another, and to which he has title." The deed then gave not the possession to the purchaser, but only the right of possession, and the attornment of the plaintiff's tenant was void by the statute, until after a recovery in an action of ejectment.

The sheriff's deed operated as a transfer of the plaintiff's title, on the 2d May, 1822, and has the same legal effect as an actual assignment by the plaintiff. The purchaser then became entitled to the possession, and, I apprehend, to the mesne profits, from that time, after recovering actual possession by ejectment. If the purchaser is entitled to the mesne profits, the defendant in this suit is liable to pay them, and he, perhaps, would have a right to be indemnified by the plaintiff, if the defendant had paid his rent to him. But the plaintiff not having received the rent, and the defendant being liable to the purchaser for the mesne profits, shall the plaintiff be permitted to recover the rent of the defendant, and he be put to his action to recover back what he thus pays ? Suppose the

plaintiff himself had been in possession at the time of the sale, and continued in possession, the purchaser must turn him out by ejectment, and then might recover the *mesne profits*. The equity of the case is strongly with the defendant; but having entered as tenant under the plaintiff, can the the defendant now controvert the plaintiff's title, or even shew that it has expired? This question is answered by Lord Kenyon in *England, ex dem. Syburn,* v. *Slade,* (4 *T. R.* 682, 3,) where he says: " It was certainly competent to the defendant to shew that the lessor's title had expired, and that he had no right to turn him out of possession." This was in ejectment; but Lord Ellenborough, in *Balls* v. *Westwood,* (2 *Campb.* 11,) in an action for use and occupation, decided that such a defence was inadmissible, unless the tenant had divested himself of the possession obtained under the landlord, and commenced a fresh holding under another person. "You may as well attempt to move a mountain," said he; "you cannot controvert the continuance of the title of the person under whose demise you continue to hold." The defence offered in that case was, that the plaintiff had forfeited his copy-hold, which had been seized by the lord of the manor, to whom the tenant had since paid rent. Lord Ellenborough further said, that had the defendant, upon the premises being seized by the lord of the manor, disclaimed holding of the plaintiff, and entered afresh under the new landlord, the validity of the seizure and the title to the premises might have been enquired into. The defendant in this case has brought himself within this decision; for, immediately upon the sheriff's sale, he took the premises by parol from the purchaser, and upon the deed being executed, he took a lease. Though the attornment was void as an act to divest the plaintiff of possession, yet it may be operative as a disclaimer of tenancy under the plaintiff.

My conclusion on this part of the case is, that the plaintiff is entitled to recover from the defendant the rent for one year after the 1st May, 1821, and no more.

The next question is, what is the rule of damages? In this action of use and occupation, the plaintiff claims as much as the premises were reasonably worth. The rule is well

settled, that where there has been a tenancy at a specified *annual rent,* and the tenant holds over, it is upon the former terms. (5 *T. R.* 471. 15 *Johns. R.* 505. 4 *Cowen*, 350.) In this case, there was an agreement between these parties, by which the defendant was to pay, and did pay, a certain sum for a period less than a year. It does *not* appear to have been an annual rent. The judge was correct, therefore, in receiving proof of the actual annual value of the premises.

The question as to the deduction of the ground rent was not raised at the trial; but if it had been, it cannot avail the defendant. Had he paid the rent, that would have been a good set off against the rent due the plaintiff, but *non constat* that the defendant will be obliged to pay it. The plaintiff is liable for it, and may have paid it.

According to my views of this case, I see no necessity for a new trial to do justice between the parties. The judge, in my judgment, was correct in the principles he laid down. The only error is, that the plaintiff has recovered for one quarter of a year too much. A new trial must be granted to correct this error, unless the plaintiff agrees to deduct the three months' rent and interest from the verdict.