JACKSON, ex dem. COLTON, *vs.* HARPER.

A *tenant* cannot set up an outstanding title in a third person holding directly by letters patent from the state, in an action of ejectment against him by his *landlord*, or by those deriving title from the landlord.

The acceptance of a lease by the tenant from such third person is a fraudulent attornment; and notwithstanding such title and the lease under it, the original landlord is entitled to recover on proof of the acknowledgment of the tenant that he entered under him into possession of the premises.

THIS was an action of ejectment, tried at the Madison circuit in March, 1829, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

UTICA,
July, 1830.

Jackson
v.
Harper.

The lessor of the plaintiff deduced title to the premises in question, being part of lot No. 78 in the Canastota tract, in the town of *Lenox*, by the production of a deed from *Barnhardt Nellis* to Toleration H. Huling, bearing date 1st October, 1824, containing a covenant of warranty, and a quit-claim deed from Huling to him, bearing date 12th May, 1827; and proved that in the spring and fall of 1828, the defendant acknowledged himself the tenant of *Barnhardt Nellis*: in the spring, the defendant told one witness that he was about renewing his contract with Barnhardt Nellis for the place where he then lived; and in the fall, he told another witness that he hired the premises of Barnhardt Nellis.

On the part of the defendant, *letters patent* of the premises in question from the state to *John D. Nellis*, bearing date 18th February, 1829, were produced; and also a lease of the premises from John D. Nellis to the defendant for the term of one year, bearing date 1st April, 1828. The counsel for the defendant proved the hand writing of John D. Nellis, subscribed to the lease as lessor, and testified that the lease was put into his hands, for the purpose of defence, in the fall of 1828, after the commencement of this suit. It was further proved, on the part of the defendant, that John D. Nellis owned many lots of land in Lenox, and that Barnhardt Nellis, who is his son, had had the agency and charge of the same for several years; John D. Nellis not residing in Lenox. The admissions of the defendant as to his tenancy under Barnhardt Nellis were proved previous to the production of title on the part of the defendant.

The judge was of opinion that title derived from the state having been shewn in John D. Nellis, and the defendant having taken a lease from him, the defendant could not confess away the rights of his landlord; under his recommendation, however, the jury found a verdict subject to the opinion of this court.

*N. P. Randall*, for plaintiff.

*J. A. Spencer*, for defendant.

*By the Court,* SUTHERLAND, J.   The evidence establishes the fact that the defendant entered into possession of the premises in question, as tenant, under Barnhardt Nellis, and continued to hold under and acknowledge that title down to the fall of 1828.   Nothing is better settled, as a general rule, than that a tenant cannot deny the title of his landlord ; and the acknowledgment by a defendant that he went into possession under the title of the lessor of the plaintiff, is sufficient to enable the plaintiff to recover.   *Jackson* v. *Dobbin,* 3 *Johns. R.* 223, 225, *note a. Jackson* v. *Leeson,* 3 *id.* 499.   4 *id.* 210. *Jackson, ex dem. Bowne,* v. *Hinman,* 10 *id.* 292.   *Jackson* v. *De Watts,* 7 *id.* 157, *notes a. and b. and cases there collected.*

The defendant introduced a patent from the state to *John D. Nellis* for the premises in question, bearing date the 18th *day of February,* 1829, and a lease from John D. Nellis to himself for the same premises, for one year, dated the 1st April, 1828.   This evidence was given before the acknowledgment of the defendant that he entered upon and held the premises under *Barnhardt Nellis* had been proved.   It was *competent* evidence, therefore, at the time it was given, and was not and could not have been objected to.   But its legal effect, when taken in connection with all the other evidence in the case, is now to be decided.   A title in the state has no peculiar attributes which enure to the benefit of a defendant under circumstances in which he could not avail himself of an outstanding title in an individual.   A defendant is estopped from contesting the title under which he entered, *in any manner,* as against his original landlord, or any other person who has acquired or succeeded to his title.   He can no more show that the premises belonged to the state, than he can that they belonged *to himself;* he must first restore the possession which he obtained from his landlord, and then, as plaintiff, he may avail himself of any title which he has been or may be able to acquire.

But it was contended, upon the argument, that notwithstanding the admission of the defendant that he entered under Barnhardt Nellis, it was fairly to be inferred from the whole evidence that Barnhardt Nellis, in putting him into

possession, acted as the agent of his father John D. Nellis, who at that time, it is said, had an imperfect title to the lot in question, which was subsequently consummated by the patent obtained by him from the state. The only evidence upon this subject is, that John D. Nellis was the father of Barnhardt Nellis, and owned *many lots of land in Lenox*, of which Barnhardt had had the agency and charge for several years. The witness did not say that he ever understood that John D. Nellis owned the *lot in question*, or that in relation to that lot Barnhardt ever acted as his agent; and no such inference could legally be drawn from his testimony, were there no other evidence upon this subject in the case. But it will be recollected that Barnhardt Nellis, in October, 1824, conveyed this lot *with warranty* to Huling, which effectually repels the idea that he acted in relation to it as the agent of his father.

It is also contended that the title of John D. Nellis was not to be affected by the confessions of the defendant, inasmuch as he held under the lease from him of the 1st of April, 1828. If the defendant originally entered under the title of Barnhardt Nellis, as I have endeavored to shew he did, then the taking of a lease from John D. Nellis was a fraudulent attornment, by which the lessor of the plaintiff cannot be prejudiced. It was an absolute nullity, and did not create the relation of landlord and tenant between the parties to it. It does not clearly appear when the defendant first entered upon this lot; but in the spring of 1828, he stated that he was about *renewing* his contract with Barnhardt Nellis for the place where he then lived. It may fairly be inferred from this circumstance that he had occupied the lot for at least the preceding year. It is also to be observed that this declaration was made in the spring of 1828, and may have been before the 1st of April, when the lease from John D. Nellis bears date, if that were a circumstance of any importance in the case.

It is not necessary for us to express any opinion as to the effect of the patent for the lot to John D. Nellis. Whatever

may be its operation and effect between other parties, the defendant cannot avail himself of it in this action. The plaintiff is therefore entitled to judgment.