Daniei,, Judge.
 

 The case under consideration is an indictment at common law, for a forcible entry and forcible detainer. The defendant peaceably entered, and the conviction is on that branch of the indictment, which charges a forcible detainer. This bring us to the inquiry, whether Johnson, if he had a right of entry, and did enter peaceably, had not a right to detain with force, and with a strong hand
 
 1
 
 No question appears to be raised by the case, as to Johnson’s title. We take it, therefore, that the judgment and execution under which the sheriff sold (as well as the deed) were either exhibited or admitted on the trial. We have examined the case, and now decide it, on the understanding, that whatever interest or estate the prosecutor formerly had in the land, had passed to Johnson, by the sheriff’s deed; and that he had a legal right of entry. In
 
 M‘Dougall
 
 v.
 
 Sitcher,
 
 1 John. Rep. 43, it was decided, that a purchaser of real estate, under an execution, may enter and take possession of the premises in a peaceable manner, though some goods of the former proprietor are left on them. The same doctrine was held by the Court, in the case of
 
 The People
 
 v.
 
 Nelson,
 
 13 John. Rep. 340. In
 
 Taylor
 
 v.
 
 Cole,
 
 3 Term Rep. 292,
 
 *326
 
 the Court of King’s Bench held, that a purchaser under a sheriff’s sale, on an execution, might peaceably enter, and retain the possession. He may break open the outer door of the house, and take possession, although goods of the last tenant remain there. 1 Bing. 58; S. C. 14 Eng. Com. Law Rep. 59. If he who has a right to enter, obtains possession by
 
 force,
 
 the person who had no right to retain the possession, cannot sustain an
 
 action
 
 for such forcible regaining the possession, so far as regards any alleged injury to the house or land; but at most, only for any unnecessary personal injury in turning him out, or avoidable damage to the furniture.
 
 Taunton
 
 v.
 
 Costar,
 
 7 Term Rep. 427.
 
 Rex
 
 v.
 
 Wilson and others,
 
 8 Term Rep. 357,
 
 Turner
 
 v.
 
 Maymott,
 
 1 Bing. 158; 8 Eng. Com. Law Reps. 280.
 
 Wildbor
 
 v.
 
 Rainsforth,
 
 8 B. & C. 4; 15 Eng. Com. Law Reps. 144. 1 Price, 4.
 
 Rogers
 
 v.
 
 Pitcher,
 
 6 Taun. 202; 1 Eng. Com. Law Reps. 355. But if he who has a right of entry, be guilty of a
 
 forcible entry,
 
 he may be indicted for a disturbance of the peace. In such a case, the owner ought to await the result of legal proceedings by ejectment. Johnson, having a right to enter, and doing so in a peaceable manner', which is defined by an ancient statute, (5 Richard 2, c. 8,) to be, “ not with strong hand, nor with multitude of people, but only in a peaceable and easy manner,” had a right to
 
 retain
 
 possession so lawfully gained, by force, in the same way that he might defend any other portion of his real or personal property. The entry, to authorise proceedings in a summary way, before Justices, under the statute of 8 Henry 6, c. 9, must be an
 
 unlawful entry,
 
 followed by a forcible detainer, and so stated in the inquisition, or it will be quashed.
 
 The King
 
 v.
 
 Oakley,
 
 24 Eng. Com. Law Reps. 61. If an indictment will lie at common law for a forcible detainer, after a peaceable entry, a question on which much doubt is entertained, we hold it to be certain, that it cannot be maintained for such a detainer, either by the common law, or under the statutes, if the peaceable entry were also lawful. Johnson’s entry was peaceable and lawful; and Rose, the other defendant, entered by his permission, peaceably, and made no effort even to detain with force.
 
 *327
 
 We think the judgment should be reversed, and a new trial granted.
 

 Per Curiam. Judgment reversed.