The People *ex rel.* Barnes agt. Angel,

---

## SUPREME COURT.

THE PEOPLE *ex rel.* WILLIAM M. BARNES agt. JAMES R. ANGEL, Justice, and WILLIAM TAYLOR.

*Summary proceedings — Landlord and tenant — when relation exists — Assignment of lease.*

Where, in dispossession proceedings, the tenant admitted that he was the tenant in possession of the premises in question, but denied that any attornment had taken place between him and the relator, it appeared that the relator's claim to the possession of the premises rested upon a lease which was assigned by *mesne* conveyance to him, and that the tenant held possession under one of the assignors; but the lease referred to in the assignments was not produced, and the proceedings were dismissed upon the ground that the relation of landlord and tenant did not exist:

*Held,* that this was error, because the tenant, having hired from one of the assignors of the lease, was precluded from controverting his landlord's title, and the relator, as assignee, succeeded to the rights of the latter.

*First Department, General Term, January,* 1881.

*Before* DAVIS, *P. J., and* BRADY, *J.*

CERTIORARI to review summary proceedings had before justice ANGEL on the 6th of August, 1880.

*Cephas Brainard*, for relator.

*G. Salmon*, for respondent.

BRADY, *J.* — The relator made application, under the statute in such case provided, for a summons to be directed to William Taylor to show cause why he should not be removed from the premises described in the affidavit upon which the application was founded.

The tenant was duly served with the summons, and on the return day appeared by his counsel, and admitted that he was the tenant in possession of the premises in question, but denied the allegations upon which the summons was issued, and that any attornment had ever taken place between him and the relator.

After the testimony on behalf of the latter had been given, the tenant moved to dismiss the proceedings on the ground that the landlord had not shown proper service of any notice upon him, and for the further reason that there was a variance between the proof and the affidavit upon which the summons was granted, whereupon, as appears by the record, the proceedings were dismissed on the ground that the relation of landlord and tenant did not exist between Wm. M. Barnes and William Taylor; Barnes' remedy being by an action of ejectment.

It appears that the relator's claim to the possession of the premises rested upon a lease or leases made by David Dudley Field, Esq., counselor-at-law, unto one Ann Connell, which appear to have been assigned by *mesne* conveyance to the relator, and that the tenant held possession under one of the assignors, upon the understanding that he was to occupy the premises as long as he wanted them, or until he was given thirty days notice to quit. The lease referred to in the

assignments, however, was not produced, which may be the reason why the justice dismissed the proceedings, and upon the proposition, doubtless, that the relation of landlord and tenant was not shown to have existed between the parties to this controversy, the chain of title not being perfected by the evidence.

But this was an erroneous view of the subject, because the tenant, having hired from one of the assignors of the lease, was precluded from controverting his landlord's title, and the relator, as assignee, succeeded to all the rights of the latter (*Taylor's Landlord and Tenant* [7th ed.], 705, *and cases cited*); and, therefore, could maintain this proceeding to recover possession of the premises (1 *R. S.*, 147, 598; *Laws* 1846, *chap.* 274, *sec.* 3; *Taylor's Landlord and Tenant* [7th ed.], *sec.* 720, *and cases cited*).

There is no foundation for the point upon which the respondent made the motion to dismiss.

It is impossible to sustain the judgment rendered, and therefore the proceedings must be reversed.

Ordered accordingly, with costs.

DAVIS, P. J., concurs.