Sperling v. Isaacs.

---

ELIAS M. SPERLING, Respondent, *against* MICHAEL ISAACS *et al.*, Appellants.

(Decided June 25th, 1885).

In summary proceedings to recover possession of real property situated in the City of New York, brought in the District Court for the district within which the property is situated, jurisdiction may be acquired by such District Court, where the petition is filed with and the precept issued by the clerk of the court, under section 2239 of the Code of Civil Pro-

cedure. The provision of section 2238, that the judge or justice must issue the precept, applies only where the application is made to a judge or other officer, as authorized by section 2234.

A purchaser of real estate sold, as authorized by law, for non-payment of taxes, who has obtained a tax-lease, but not the possession, of the premises, they remaining in the actual possession of a tenant under a prior valid demise from the owners of the fee, and who induces such tenant in possession to attorn to and pay rent to him, cannot maintain summary proceedings to recover the possession of such real property from the tenant for subsequent non-payment of rent. Such attornment, being in legal effect the attornment of a tenant to a stranger, is void by statute as against the owner of the fee, and cannot create the relation of landlord and tenant which is essential as a foundation for the summary proceeding.

APPEAL from a final order of the District Court in the City of New York for the Fifth Judicial District in a summary proceeding to recover the possession of real property.

The summary proceeding was brought by Elias M. Sperling, as landlord, to remove Michael Isaacs, as tenant, from certain premises, for non-payment of rent. Upon the return of the precept, Isaacs appeared and answered, and Timothy S. Brown and others intervened and filed an answer denying the facts alleged in the petition, and setting forth that they, and not the petitioner, were the owners of the premises, and that Isaacs was their tenant, and not the tenant of the petitioner. At the trial, upon which a jury was empanelled, it appeared that Sperling claimed possession of the premises under a tax-lease made to him by the Comptroller of the City of New York, under a sale of the premises for non-payment of taxes; and that Isaacs had attorned to and paid rent to Sperling, under circumstances which are stated in the opinion. The justice directed the jury to find for the petitioner, as landlord. From the final order entered upon the verdict Brown and other defendants who claimed the ownership of the premises in fee appealed to this court.

*Kissam & Embury*, for appellants.

*Jacobs Bros.*, for respondent.

CHARLES P. DALY, Chief Justice.—The District Court acquired jurisdiction. The 2234th section of the Code prescribes that the application may be made to the District Court of the district where the property is situate; which is distinct from the other provisions which authorize it to be made to any officers designated in the section; and the 2239th section provides how it is to be made to the District Court, which is by filing the petition with the clerk of the court, who, the section says, is to issue the precept, which must be made returnable before the court at the place designated by law. The 2236th section provides what the petition must contain, whether it is made to the District Court or to any of the officers particularly designated, and, when it is filed with the clerk of the court, the proceeding is commenced by the clerk issuing the precept. Where, in this city, the application is made in any other way than to the District Court, the petition has to be presented to the judge or other officer named (§ 2238) who must issue the precept. The District Court therefore acquires jurisdiction by what was done in this case.

There is one more question which is material to pass upon on this appeal.

On the return day of the precept issued by the clerk, Michael Isaacs, who was stated in the petition to be the tenant, appeared and denied each and every allegation contained in the petition. It was averred, in it, that the applicant, Elias M. Sperling, was the owner and landlord of the premises; that Isaacs made an agreement with him by which he hired them at the rate of six dollars and fifty cents a month, payable in advance; that at the date of the petition there was owing, under this agreement, the sum of nine dollars; that it had been demanded of Isaacs after it became due, who made default in the payment of it, and, after this default, continued in the possession of the premises without the permission of the landlord. By Isaacs' answer, not only the existence of any such tenancy between him and Sperling was put in issue, but nine other parties appeared; and, as authorized by the provision of section 2244 of the Code,

put in answer averring that they were owners and landlords of the premises ; that Isaacs was their tenant under a demise from them; and denying, as he did, each and every allegation in the petition.

The general denial in Isaacs' answer, and the averments in the answers of the other defendants, put in issue the title to the real estate, the answer averring that the other defendants were the owners of the premises 325 Rivington Street, under the will of their father, who was the owner of them in fee at the time of his death, and upon filing this answer they delivered to the justice, before the case was brought for trial, the undertaking provided for in section 2952, which, by section 3212, is applied to actions brought in the District Courts, and the effect of the delivery of which, where an answer is put in showing that the title to real property will come in question, is that the justice must discontinue the action.  The justice, however, decided to go on with the proceedings.  The ground upon which he did so, I suppose, was that upon which the respondent relies on  this appeal, that the provisions of the Code above referred to apply only to actions, and that this was not an action, it having been held in *The People* v. *Hamilton* (39 N. Y. 107) that a summary proceeding to get possession of land is not an action within the meaning of the Code.  That case however was distinguished from this, as the proceeding there was before the justice in his individual capacity, while here, under new provisions in the Code, the proceeding was brought in the District Court.  Whether this would or would not make any difference in the application of the decision referred to, however, is not material to decide, as the facts given in evidence show that no such relation as that of landlord and tenant existed between Sperling, the plaintiff in the proceedings, and the defendant Isaacs, which is essential to the jurisdiction ; for that proceeding cannot be taken except in cases where the conventional relation of landlord and tenant subsists (*Evertson* v. *Sutton*, 5 Wend. 281; *Beach* v. *Nixon*, 9 N. Y. 36).  Isaacs came into and

was in possession under a demise from the other defendants, who were the owners and landlords of the whole building.

The plaintiff Sperling's claim to the premises is founded upon the lease made by the Comptroller for the City of New York, in proceedings under which the premises, as authorized by law, were sold for the non-payment of taxes, but of which premises he had not obtained possession, and could not, unless by the voluntary act of the owners, the premises being in the actual possession of their tenants, or by an action of ejectment, in which the statutory presumption (L. 1882 c. 410 § 941) of the regularity of sales and of all prior proceedings to the making of the lease might be overthrown by evidence on the part of the owners or parties in actual possession (*Johnson* v. *Elwood*, 53 N. Y. 431, 435; *Colman* v. *Shattuck*, 62 N. Y. 348, 358).

In September, 1884 (the lease having been granted in December, 1882), the plaintiff went to the rooms upon the premises occupied by Isaacs and demanded possession. He showed Isaacs the lease, told him he held possession under it, and offered to read it, upon which Isaacs said: "Never mind; I believe you." The plaintiff then told him that he need not move out provided he paid the rent, and Isaacs said he would pay it, but had no money just then; but if the plaintiff would call again or send, he would pay it. The plaintiff asked him how much rent he had paid before. Isaacs said six dollars and a half, upon which the plaintiff said: "You can have it at the same price," and Isaacs said: "All right; I will remain and pay you the rent." And when the plaintiff sent over to collect it, Isaacs paid one half, and the other half he afterwards sent to the office of the plaintiff; this payment being for the month of October. He also paid four dollars of the November rent, but did not pay the rent for December, saying that if the other tenants paid he would. He testified that when the plaintiff came to him, the plaintiff had a paper in his hand and said he was the new landlord; that there was the paper from the court, if Isaacs wanted to read it, saying that Isaacs must not recognize anybody else, upon which Isaacs says he gave the

plaintiff the money, thinking he was the real landlord, and gave him four dollars in November; but that during that time the old landlord came and said that Isaacs was not to recognize the plaintiff, to keep the rent until they could see further; and that he told the plaintiff, who " kept bothering him for the rent," that the old landlord was there and told him not to give the plaintiff any rent, adding, " You must not blame me; I was told not to give it to you. If you are entitled to it, I will give it to you;" upon which the landlord said: " I will ask you once more," which he did, and then instituted the summary proceedings to dispossess Isaacs.

The plaintiff relied upon what is here detailed as showing that an agreement had been entered into, creating the relation of landlord and tenant, between himself and Isaacs. But Isaacs was in possession under a valid demise from the other defendants, to whom he was bound to pay the rent. He was their tenant in actual possession.  He could become the tenant of the plaintiff only by attornment, and the attornment of a tenant to a stranger, and the plaintiff, in respect to the tenancy under which Isaacs held, was a stranger (*Freeman* v. *Ogden*, 40 N. Y. 105, 109), is void by statute, unless in the cases provided for by the statute, which are, with the consent of the landlord, or in consequence of a judgment at law, or the order of a court of equity, or to the mortgagee after the mortgage has become forfeited (1 R. S. 744, § 3), and this was not one of these cases.  In addition to which, to prevent any change of possession to the prejudice of the landlord, every tenant to whom a declaration of ejectment or any other process, proceeding or notice of any proceeding to recover the land occupied by the tenant, or the possession thereof, is bound, by statute, to give notice thereof to the landlord under a penalty imposed by the statute (1 R. S. 748, § 27).

There was consequently no foundation whatever for any proceeding upon the part of the plaintiff to dispossess Isaacs, as no such relation as that of landlord and tenant had existed, or could arise under the circumstances stated.

What the justice really did was to try the question of title in a proceeding in which he had no jurisdiction: for the lease by the Comptroller to the plaintiff and the documentary evidence of the title of the other defendants was in evidence, and the justice directed the jury he had empanelled to find a verdict in favor of the plaintiff; to which both Isaacs and the defendants excepted; and the justice then ordered a precept to issue to put the plaintiff Sperling in possession of the premises. As the other defendants would not deliver up the premises nor consent that Isaacs should attorn to the plaintiff, the plaintiff's only remedy to get possession of the premises under the lease granted to him was an action of ejectment (*Evertsen* v. *Sawyer*, 2 Wend. 507, 511: *People* v. *Nelson*, 13 Johns. 340, 344).

The facts proved upon the issue raised by the answer of the defendants showed that summary proceedings could not be maintained, and the verdict and subsequent proceedings on the part of the justice to put the plaintiff in possession should be reversed.

LARREMORE, J., concurred.

Order reversed.