By the Court.—Sedgwick, Ch. J.
The action was for rent. One Henry P. Cooper had been the lessee of a lot and building under a lease for.the term of ten years. William L. Flagg recovered judgment against him on a money demand by default for want of answer. This judgment was docketed July 3,1883. The default was opened, but it was ordered that the judgment “ should stand as security but no execution to issue thereon until after the determination” of the issues thereafter to be tried. After this, and in October 1883, Henry P. Cooper assigned the lease to a corporation named “ The Henry P. Cooper & Company.” Flagg again recovered judgment against Cooper in 1886. Upon this judgment execution was issued about June 12, 1886. The sheriff published and posted a notice that by virtue of the execution he would expose for sale on July 24, 1886, “ all the right, title and interest of Henry P. Cooper, which he had on the 3d day of July 1883, or at any time thereafter has had or now has of, in, and to, the following described property, to wit: a certain indenture of lease made by, *386 etc., to said Henry P. Cooper,” etc. This is the lease that has been mentioned. At the sale the plaintiff in this action bid and received from the sheriff a document, the substance of which is : “ This is to certify that I did on the 24th day of July, etc., sell unto Jeremiah O’Rourke for $500 “all the right, title and interest of Henry P. Cooper, the above named defendant, which he had on the 3d day of July, 1883, or at any time thereafter has had or now has, of, in, and to, the following described property, to wit: a certain indenture of lease made by and to Henry P. Cooper, etc., being for the period of 10 years, etc.”
The sale was made at the City Hall. The lease was not in the possession of the sheriff, and has not been, and is not in the possession of the plaintiff. The plaintiff claiming under the sale referred to, demanded rent of the defendant, who was in occupation of some rooms in the building, under a lease given by Cooper for five years and six months, from November 1 to May 1, 1889. This lease was in writing, and was made three days before Henry P.'Cooper assigned his lease to the corporation. The rent was payable on the usual quarterly days, and $1,250 was due on August 1st, after the sale referred to. The question in the case is, was the plaintiff entitled to recover this rent due August 1st.
It must be noticed first that the plaintiff does not claim ever to have become possessed of the sub-lease of Henry P. Cooper to the defendants. As this contained their covenant to pay the rent, it is an important fact in an action for rent, but it is now noticed to point out that plaintiff claims nothing excepting through the lease to Cooper. On the argument the form of the claim was that the plaintiff had bought at the sheriff’s sale, not the lease, but the term. If he did acquire this term, it was only because the lease, or Cooper’s interest in it, was sold to him. If the Henry P. Cooper & Company corporation received anything under the assignment to them, it was of the same nature as of that which the plaintiff acquired.
*387 The plaintiff takes the position that the execution sale was in enforcement of the lien which was made by the docketing of the first judgment on July 3, 1883. At that time, the lease would run for more than five years. Being a chattel real, under the statue, the docketed judgment was a lien upon it. The lien was of a general nature and not specific. The title to the property remained in the judgment debtor. He had power to convey that title, although it was subject to the lien. His transferee took that title, subject as it was. The possession changed then to the corporation, and other objections being kept aside, the sheriff could thereafter sell or give only the right to possession, or the title at the most, without the possession. Banning v. Carpenter, 48 N. Y. 412; Smith v. Colvin, 17 Barb. 157; Schermerhorn v. Merrill, 1 Id. 511; Evertsen v. Sawyer, 2 Wend. 507 ; People v. Nelson, 13 Johns. 340, and other cases.
The corporation, then being in possession of the lease or the term, whichever it may be, is the landlord of the defendants and remains so until the plaintiff, if he has such a cause of action, is put in actual possession. This has not been done in this case and therefore rent is not due to the plaintiff. Evertsen v. Sawyer, supra.
If the lease or the term be looked at, as personal property, the result is not different. The sheriff had not made any levy actually or even a constructive levy, if that be possible, and his sale could not give any possession of Avhat was pretended to be sold to the purchaser.
For these reasons the plaintiff was not entitled to recover rent from the defendants.
Other matters should receive some attention in confirmation of what has been said. The contention, actually turned upon whether the sheriff’s sale put the plaintiff in possession of the lease to Cooper or of its term. It was assumed or it was not denied, thab the possessor of the lease or the term, became entitled to the rent payable by the defendants under the sub-lease made by Cooper to them. As has been said this sub-lease which *388 was in writing, was never sold or assigned to the plaintiff. The plaintiff therefore never became possessed of the promise or covenant to pay rent.
At common law an action in assumpsit would not lie except upon an express promise to pay rent made at the time of the demise. Quakenboss v. Lansing, 6 Johns. 49. An action in assumpsit for use and occupation would not lie (Wood v. Wilcox, 1 Den. 38), excepting under the statute. 1 R. S. 748, 126. The landlord can by that recover only under an agreement not made by deed. But when the lease is by deed the action must be upon the covenant. Kiersted et al. v. O. & A. R. R. Co., 69 N. Y. 343. It is a question then whether the plaintiff in an action for rent must not produce in evidence the agreement, if the action be for use and occupation, to show that it is not made by deed. If the action be upon the written promise or covenant, the plaintiff should be in possession of that promise or covenant. In this case, as rent did not necessarily follow an assignment or transfer of Cooper’s interest in the term of the lease to him (Bennett v. Austin, 81 N. Y. 320), it is to be asked whether the plaintiff was entitled to recover unless he became lawfully possessed of defendants’ written agreement to pay rent. On this point it is not intended to make any decision. It was not discussed or stated on the argument of the appeal. It may hereafter have such attention as it deserves.
Judgment reversed and new trial ordered with costs to abide the event.
Freedman", J., concurred.