## DONELLY v. O'DAY.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

SUMMARY PROCEEDINGS—ATTORNMENT TO ADVERSE CLAIMANT.

 An attornment made by a tenant to an adverse claimant of the demised premises, without the lessor's consent, while the tenant was in possession during his term under the lease, being void, (1 Rev. St. p. 744, § 3,) does not create the relation of landlord and tenant, so as to justify the summary removal of the tenant by the claimant for nonpayment of rent. *Sperling v. Isaacs*, 13 Daly, 275, followed.

Appeal from district court.

Summary proceedings by Michael Donelly against John O'Day for nonpayment of rent. Order refusing petition. Petitioner appeals. Affirmed.

Argued before BISCHOFF, P. J., and PRYOR, J.

*G. A. C. Barnett,* for appellant. *Benjamin N. Cardozo,* for respondent.

PRYOR, J. Upon the return, these facts appear, without contradiction: That respondent went into possession of the premises under a lease from McArdle; that the petitioner, out of possession, claimed the premises adversely to McArdle; that pending the term, and while in possession under McArdle, the respondent, without the consent of McArdle, attorned to the petitioner. The question is whether the conventional relation of landlord and tenant subsisted between the parties to the proceedings. To establish the relation, appellant relies upon the attornment. But, obviously and indisputably, the attornment was merely void, (1 Rev. St. p. 744, § 3,) and, as such, was inoperative for any and all purposes, (*O'Donnell v. McIntyre*, 37 Hun, 623, 626; *Jackson v. Harper*, 5 Wend. 246.) In *People v. Angel*, 61 How. Pr. 157, the attornment was valid and effectual, and for that reason the order dismissing the proceeding was reversed. Our own adjudication in *Sperling v. Isaacs*, 13 Daly, 275, is explicitly in point, and conclusive of the case adversely to appellant. Order affirmed, with costs.