NEW-YORK,<br>May, 1810.

QUACKENBOSS<br>v.<br>LANSING.

---

## QUACKENBOSS *against* LANSING.

THIS was an action for a breach of covenant. The declaration stated, that the defendant, on the 8th *November*, 1791, at *Troy*, by his deed, sold and delivered to the plaintiff, a negro female slave, named *Nanny*, aged about 18 years, for the consideration of 40 pounds, paid by the plaintiff to the defendant, to have and to hold the said slave to the plaintiff, and his executors for ever; and that he, the defendant, "the sale of the said slave to the plaintiff, his heirs and assigns, against all persons, lawfully claiming any estate, right or title to

In an action for a breach of covenant, the plaintiff stated, that the defendant, by deed, &c. sold to him a certain slave, to warrant and for ever defend the sale of the said slave to the plaintiff, against all persons lawfully claiming any estate, right or title to the slave, &c. and averred, that the

person so sold as a slave was not a slave, but free, at the time of sale. On *demurrer* to the declaration, it was held, that there was a sufficient assignment of a breach of the covenant of warranty. Covenants are to be construed according to the spirit and intent.

the said slave, would warrant and for ever defend," &c. The declaration then averred, that at the time of the sale, the defendant had no property or title in the girl, so sold as a slave, but that she was free, and not a slave ; and so the plaintiff says, &c.

The defendant demurred to the declaration, because,

1. The plaintiff has not set forth any breach of the covenant of warranty ; as the slave being free, or a want of title in the defendant, is not within the covenant, or a breach of it.

2. Because, by this assignment of a breach, the plaintiff puts in issue, under the covenant, the fact, whether the negro was a slave or free, at the time of the sale.

*J. Russel*, in support of the demurrer.

*Ross*, contra.

*Per Curiam.* There is a sufficient assignment of a breach. The covenant was, that the defendant would " warrant and defend the sale of the negro to the plaintiff, against all persons lawfully claiming any estate, right or title to her." This is a general covenant of a right to convey, and the plaintiff avers, that the defendant had no such right, because the negro was free. The defendant was to warrant and defend the *sale*, whereas, by the averment, it appears that the sale was null and void, and nothing passed by it. The demurrer is grounded on a mere quibble upon the words of the covenant. If she is free, she is a person claiming a lawful right to herself, in opposition to the claim, or right, set up by the deed. This satisfies the words of the covenant; but covenants are to be construed according to the spirit and intent. The substance of this covenant was, that the defendant would warrant the sale ; and if the negro was free, the sale was void, and the covenant

immediately broken. It did not require that an eviction or disturbance should be shown. The averment, that she was free, was equivalent to showing an eviction; for it showed that the plaintiff was ousted of all right and lawful possession.

Judgment for the plaintiff.