SARAH CHARLOTTE CLARK, Appellant, *v.* MOSES DEVOE, Respondent.

The primary rule for the interpretation of a covenant, as well as other contracts, is to gather the intention of the parties from the words, by reading not simply a single clause, but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered.

Only by the use of plain and direct language by a grantor will it be held that he created a right in the nature of an easement attached to one parcel of land, making another servient thereto for all time.

A deed from defendant of a lot in the city of New York, after reciting that the grantor was the owner of an adjoining lot, contained a covenant on his part, " for himself, his heirs, executors, administrators and assigns, * * * to and with the said party of the second part (the grantee), his heirs executors, administrators and assigns, that he will not erect, or cause to be erected, on said lot * * * any building which shall be regarded as a nuisance, or which shall be occupied for any purpose which may render it a nuisance." Plaintiff, through various mesne conveyances, has acquired title to the lot conveyed. Defendant conveyed the adjoining lot by a deed which did not refer to said covenant, and contained no restriction or limitation upon the uses to which it might be put. Subsequently a building was erected thereon which was used as a livery stable so as to constitute a nuisance. Defendant neither caused nor permitted the nuisance. In an action upon the covenant, *held*, that it was personal to defendant, and solely against his own acts; that it did not make him liable for the acts of his grantees or subsequent owners; and so, that no cause of action was established against him.

*Phœnix Ins. Co.* v. *Contl. Ins. Co.* (87 N. Y. 400); *L. C. & D. R. Co.* v. *Bull* (47 L. T. R. 413); *Norman* v. *Wells* (17 Wend. 136), distinguished. Reported below, 48 Hun, 512.

(Argued December 9, 1890; decided January 14, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 22, 1888, which reversed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action to recover damages for the breach of a covenant contained in a deed from the defendant to the grantor of the plaintiff.

In April, 1857, the defendant owned two adjoining parcels

of land in the city of New York, with the buildings thereon, known as No. 22 and No. 24 West Tenth street, and on the fifteenth of that month he conveyed the premises known as No. 24 to one Robert Clarke by a deed which contained the following covenant, viz: "And the said Moses Devoe, being also the owner of the adjoining lot known and distinguished as No. 22 Tenth street, for himself, his heirs, executors, administrators and assigns, does hereby covenant to and with the said party of the second part, his heirs, executors, administrators and assigns, that he will not erect, or cause to be erected, on said lot number twenty-two Tenth street, any building which shall be regarded as a nuisance, or which shall be occupied for any purpose which may render it a nuisance." Subsequently the plaintiff, by various mesne conveyances, acquired the title of said Robert Clarke to No. 24, and before the 8th of July, 1885, when this action was commenced, she also acquired by several assignments from her respective grantors, all claims or causes of action to them respectively belonging by reason of any violation of said covenant by the defendant. On the 24th of June, 1863, the defendant conveyed No. 22 to one Johnston, without alluding to said covenant and without any restriction or limitation upon the uses to which the premises might be devoted. Prior to January 1, 1864, a building was erected by said Johnston on No. 22, which for several years was used as a private stable, but was afterward converted into a livery stable and so used, according to the verdict of the jury, as to constitute a nuisance.

This action was brought to recover damages from the defendant for violating the covenant aforesaid by permitting such nuisance to exist upon said premises. Upon the trial, it appeared that the defendant neither caused nor permitted the nuisance, but that the same was created and maintained by his grantees and their lessees, without his consent.

Further facts are stated in the opinion.

*David Gerber* for appellant. The erection and maintenance of the nuisance was a breach of the covenant, rendering the

defendant liable in damages. (*P. Ins. Co.* v. *C. Ins. Co.*, 87 N. Y. 400; *Wilcox* v. *Campbell*, 35 Hun, 254; *Watertown* v. *Cowen*, 4 Paige, 510; *L. C. & D. R. Co.* v. *Buel*, 47 L. T. 413; *Hodge* v. *Sloan*, 107 N. Y. 244; *Hunt* v. *Lyon*, 90 id. 663; *Norman* v. *Wells*, 17 Wend. 136.) The action was not barred by the Statute of Limitations. (*Daniells* v. *Eddy*, 102 N. Y. 423; *Long* v. *Stafford*, 103 id. 27; *Neale* v. *Suley*, 47 Barb. 314; Wood on Nuisances, §§ 710, 718; *Uline* v. *N. Y. C. R. R. Co.*, 101 N. Y. 98; *Colrick* v. *Swinburne*, 105 id. 503; *Reed* v. *State*, 108 id. 407; *Chapman* v. *City of Rochester*, 110 id. 273.) The proper rule of damages was applied. The recovery was limited to the actual loss in rental value up to the time of the commencement of the action, the amount expended in making repairs caused by the nuisance, and to damages for personal discomfort. (*Francis* v. *Schoellkope*, 53 N. Y. 152; *Ulmer* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98; Wood on Nuisances, § 37; *B. & P. R. R. Co.* v. *F. B. Church*, 108 U. S. 317.) The question whether the stable was so conducted as to render it of the least possible objection to the surrounding tenants was properly excluded, and the request to charge that if the jury believe the stable was well kept their verdict must be for defendant, was justly refused. (*McKeon* v. *See*, 4 Robt. 449–465; *Hay* v. *Cohoes Co.*, 2 N. Y. 159; *Tremain* v. *Cohoes Co.*, Id. 163; *Heeg* v. *Licht*, 80 id. 579–582; *Judson* v. *Easton*, 58 id. 664.)

*Freling H. Smith* for respondent. The covenant is a personal covenant as to the defendant. And even if this were not so, it does not run with the land of Clarke, so as to make the covenantor personally responsible on the covenant for damages for the acts of subsequent owners. It is neither alleged nor claimed that the defendant has erected, or caused to be erected, the stable in question. (*McKeon* v. *See*, 51 N. Y. 300; *Van Rensselaer* v. *Hays*, 19 id. 68; *A. D. Co.* v. *Leavitt*, 54 id. 35; *Trustees, etc.,* v. *Thacher*, 87 id. 316; *Trustees, etc.,* v. *Cowan*, 4 Paige, 510; *Hills* v. *Miller*, 3 id. 254; *K. I. Co.* v. *F. S. Street, etc., R. R. Co.*, 16 J. & S. 489, 501; *Spencer's*

*Case,* Smith's L. C. 110–112.) The burden of the covenant in this case does not run with the lot No. 22 to bind the covenantor's grantee and subsequent grantees. Then the lot No. 22 in respect of the covenant is not servient to the lot No. 24. There is, therefore, on the facts proved, no breach of covenant, and the action fails. (*P. Ins. Co.* v. *C. Ins. Co.,* 87 N. Y. 400.) The covenant must be fairly construed, and its meaning must not be extended into a covenant that the defendant will pay all damages that may result from any subsequent owner or lessee erecting, or causing to be erected, a building, the improper use of which may render it a nuisance. (*Quackenboss* v. *Lansing,* 6 Johns. 49; *Duryea* v. *Mayor, etc.,* 62 N. Y. 592, 597; *Beach* v. *Crain,* 2 id. 86, 93; 4 Wait's Act. & Def. 755.) Plaintiff's claim against the defendant, if she has any, being for breach of covenant, is barred by the Statute of Limitations, as the breach of covenant, if any, was proved to have occurred over twenty years prior to the commencement of the action. If there was any conflict of evidence on this subject, it became a question of fact and should have been submitted to the jury. (3 Pars. on Cont. 92; *Fish* v. *Folley,* 6 Hill, 54; *Schell* v. *Plumb,* 55 N. Y. 592; *Hamilton* v. *Wilson,* 4 Johns. 72; *E. I. Co.* v. *Paul,* 7 Moore, 85.)

VANN, J. This is not an action in equity to restrain the continuance of a nuisance, nor in tort, to recover the damages caused by a nuisance, but is simply for a breach of the covenant set forth in the foregoing statement. It is not brought against one, who personally or through his agents or tenants, created the nuisance, nor against one who owned the property at any time when the nuisance existed thereon, but against a former owner of two city lots, who in selling one, many years ago, made said covenant with reference to the other, which he soon conveyed away, and since then he has had no interest in either. The covenant, therefore, is not only the foundation of the plaintiff's claim, but is the limit of the defendant's liability. It is not denied that the plaintiff had a remedy for the nuisance against those who caused it, independent of any covenant, but

this action depends strictly upon the covenant, and can be maintained only by showing a breach thereof.

A covenant is simply a contract of a special nature, and the primary rule for the interpretation thereof is to gather the intention of the parties from their words, by reading not simply a single clause of the agreement, but the entire context and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met. (*Quackenboss* v. *Lansing*, 6 Johns. 49; *Duryea* v. *Mayor, etc.*, 62 N. Y. 592, 597.; *Western New York Ins. Co.* v. *Clinton*, 66 id. 326; Platt on Covenants, 136.)

The deed under consideration is in the ordinary form, except that between the *habendum* clause and the usual covenants contained in modern conveyances, the paragraph in question was inserted, consisting of a single sentence. This covenant is purely negative in character and has no relation to the land conveyed, but relates wholly to other premises owned by the covenantor and in which the covenantee had no interest. There was no agreement that the premises should not be used for certain purposes, or that they should be free from nuisances forever. There was no corresponding covenant by the grantee restricting the use that he might make of the premises conveyed to him, so that the restrictions might be mutual and uniformity of use thus secured. No special object to be attained by the covenant is apparent, because both parcels of land were tenement-house property, situated on a back street and surrounded by buildings of an inferior character.

In construing the covenant, it is to be observed that the grantor, although speaking for himself and his successors, to the grantee and his successors, confined the restriction to himself alone, by agreeing that he, the grantor, would neither erect nor cause to be erected any building that should be regarded as a nuisance. According to the literal, and hence natural, interpretation of this language, the parties meant that the grantor should not personally do or cause to be done any of the inhibited acts. No doubt could arise as to the correctness of this construction, if the parties had not agreed in behalf

of themselves and their assigns. The substance of the covenant, however, is limited to the covenantor, and purports to restrict his action only. While the capacity in which he assumes to contract is in behalf of himself and others, the actual contract, or the thing agreed not to be done, is limited to his own acts. Clearly the inconsistency cannot be dispelled by subordinating substance to form, or by holding that the actual agreement is of less importance than the capacity in which it was made.

The learned counsel for the plaintiff contends that the covenant should be read distributively, or as if the grantor had written: "I covenant for myself that I will not build, etc., I covenant for myself, my executors and administrators, that neither I nor they will so build, and I covenant for my assigns that they will not so build;" but the objection to such a construction is that it requires something to be inserted that the grantor never assented to. He did not agree that his executors, or his administrators, or his assigns should not build, but only that he would not build. He used no words that connected anyone except himself with the restriction against building, or that imposed an obligation in that regard upon any other person. It was not a general covenant "not to erect," as in *Phœnix Ins. Co.* v. *Continental Ins. Co.* (87 N. Y. 400), but a special covenant that the grantor would not erect, showing an intention to contract against the acts of one person only.

While effect should be given to every word of a written instrument, if possible, it is necessary sometimes to reject a part as surplusage, and it is never allowable in order to prevent that, or to effect any other result, to insert that which the parties did not agree to. A personal covenant binds the heirs, executors and administrators in respect to assets, so that the word "assigns" only need be rejected as surplusage, in order to relieve the case of all difficulty. A strained construction that has no foundation to rest upon except the single word "assigns," used in the descriptive and unsubstantial way already mentioned, should not be resorted to when it involves

a serious result to the grantor with but slight benefit to the grantee, because it is improbable that under such circumstances such a result was intended. Hence only by the use of plain and direct language of the grantor, should it be held that he created a right in the nature of an easement and attached it to one parcel as the dominant estate and made the other servient thereto for all time to come. We think that the language used by the parties permits no such result. We agree with the learned General Term that the construction contended for by the plaintiff " would be giving a scope to the covenant far beyond what the language used requires and beyond what the grantees of lot No. 22 had a right to assume in accepting a conveyance of that lot. An incumbrance affecting lot No. 22 for the sole benefit of lot No. 24, and in a conveyance of lot No. 24, into which a purchaser would hardly look for incumbrances upon lot No. 22, will not be inferred by a forced construction of the covenant or any amplification of its language beyond its natural meaning."

In the *London, Chatham & Dover Railway Company* v. *Bull* (47 Law Times Rep. 413), upon which the plaintiff relies, the title of the grantee and his lessees was subject to the covenant. The entire language used by the contracting parties, and the circumstances surrounding them when they contracted, showed an unmistakable intention that the restriction should be permanent and apply to anyone who owned or occupied the land. The grantee was the covenantor, and the court did not hold him liable on his covenant for the acts of his assigns, but awarded an injunction against the owners and occupants. While we are unable to concur in all that was said by the court in that case, we do not regard the result as opposed to the principle of our judgment upon this appeal.

In *Norman* v. *Wells* (17 Wend. 136) the defendant was held liable upon the ground that the act claimed to have been a violation of the covenant was his own act, "of which he is annually receiving the avails by way of rent."

We think that the covenant in question was personal to the defendant, and was solely against his own acts; that it did not

make him liable for the acts of his grantees or of the subsequent owners, and th.t, as he neither did the acts complained of, nor caused them to be done, no cause of action was established against him.

The order should be affirmed and judgment absolute rendered against the plaintiff, with costs.

All concur.

Order affirmed and judgment absolute for defendant.