### DR. DAVID KENNEDY CORP. v. KENNEDY.

(Supreme Court, Appellate Division, Third Department.   January 17, 1899.)

TRADE-NAME—SALE—INJUNCTION—RECEIVING MAIL.

Dr. David Kennedy, manufacturer of proprietary medicines, sold to a corporation the good will of his business, with the sole right to use the names "Dr. David Kennedy, Rondout, N. Y.," and "Dr. D. Kennedy, Rondout, N. Y.," in connection with the manufacture of such medicines by the corporation. The contract also provided for the execution of any other papers necessary to vest in the corporation all right, title, and interest in the business sold by him. For many years, letters addressed to "Dr. David Kennedy" and "Dr. D. Kennedy" were received by the corporation of which the doctor was president. Thereafter his connection with the company ceased, but he continued to reside in the same town with the corporation. Held, that he would be enjoined from receiving and opening mail addressed to "Dr. David Kennedy of Rondout" or "Dr. D. Kennedy," though some of the letters so addressed in no way concerned the corporation.

Merwin and Putnam, JJ., dissenting.

Appeal from judgment on report of referee.

Action by the Dr. David Kennedy Corporation against David Kennedy. From a judgment dismissing the complaint on the merits, with costs, and from an order granting an extra allowance, plaintiff appeals. Reversed.

The referee found:

First. This action is brought to obtain judgment that the plaintiff has the sole, only, and absolute right to use the name or address "Dr. David Ken-

nedy, Rondout, N. Y.," and "Dr. D. Kennedy, Rondout, N. Y.," as a form of
address to it, and that the plaintiff has a right to first receive and open all
letters and other mail matter so addressed and received at the post office
at Kingston and at Rondout station, and that the defendant be enjoined from
taking or receiving from such post offices any letters or other mail matter
addressed or directed "Dr. David Kennedy, Rondout, N. Y.," or "Dr. D. Ken-
nedy, Rondout, N. Y.," or from opening the same, or in any manner interfering
therewith,—with damages, and such further relief as may be just.

Second. The facts are in the main not in dispute, and the leading facts from
which the action arises are as follows: The defendant, who is and was a
regularly licensed physician and surgeon, engaged in the practice of his pro-
fession at Rondout, N. Y., in the year 1875, engaged in the manufacture and.
sale of certain proprietary medicines, of his discovery, the chief of which was
known as "Dr. Kennedy's Favorite Remedy," and "Dr. David Kennedy's Fa-
vorite Remedy." To the manufacture, advertisement, and sale of these reme-
dies the defendant came to devote his entire attention, and such business be-
came very extensive and profitable, and was so continued by him until, in the
month of November, 1890, the plaintiff corporation was formed, for the pur-
pose of acquiring and carrying on such business in the proprietary medicines
of defendant. Thereupon the defendant, by his written agreement of sale
and transfer, which forms a part of the complaint, transferred all his rights
and interests in the manufacture and sale of said remedies to the plaintiff,
he becoming the owner of one-third of the shares of the stock of the cor-
poration, being 500 shares, of the par value of $100 each. The defendant be-
came the president of the plaintiff corporation, participated actively in its
management, and had a private office in and in connection with the main
office room of the plaintiff corporation. The mail matter of the corporation,
and much of the mail addressed to the defendant, was brought to the corpora-
tion office, and was opened by the defendant or other officers of the corpora-
tion, under his supervision and approval. On the 24th of January, 1898, the
defendant ceased to be the president of the plaintiff, and a successor was
elected in his place. His relation with the principal business office of plain-
tiff was no longer agreeable or friendly, and he withdrew from the office,
and, having been deposed from any business connection with the management
of plaintiff, opened an office in another building, and resumed the practice of
his profession as a physician and surgeon, and rented a box at the post office
at Rondout, and directed the postmaster to place in it his mail matter ad-
dressed to him, whether as "Dr. David Kennedy, Rondout, N. Y.," or "Dr. D.
Kennedy, Rondout, N. Y." A considerable amount of mail matter intended
for the plaintiff came so addressed, was received by defendant, and, when it
appeared to be intended for the plaintiff, was returned to it through the post
office. It is this detention of mail matter of which the plaintiff complains,
and for which it seeks relief in this action.

Other facts undisputed are: This business was built up by the plaintiff by
means of newspaper and circular advertising extensively throughout the
United States, and it grew to large proportions. In the advertisements
special attention was called to the name "Dr. David Kennedy," and the ad-
dress "Rondout, N. Y.," and the public were requested to correspond with
"Dr. David Kennedy, Rondout, N. Y.," and were cautioned to make no mistake
as to the address. This name and address were also on the packages in which
the bottles of medicine were inclosed, and on the labels pasted on the bottles.
During the 15 years the defendant conducted the business personally, all mail
matter connected with the business came directed "Dr. David Kennedy,"
or "Dr. D. Kennedy, Rondout, N. Y." At first all the mail matter of the
corporation, and afterwards a large portion of it, came directed to "Dr. David
Kennedy," or "Dr. D. Kennedy, Rondout, N. Y."; and this state of things
continued to the present time, and still continues. The letters addressed "Dr.
David Kennedy," or "Dr. D. Kennedy, Rondout, N. Y.," were from the time
of the incorporation, up to February 8, 1898, received by the corporation, and
opened by its officers and employés, and in all respects treated as its letters,
without objection from the defendant. The defendant had directed the post-
master, in May, 1895, when free delivery was established, to deliver all letters
addressed to him at his residence at such residence, and to place all others in

the corporation box, as they belonged to the corporation. This was done, and continued up to about January 1, 1898. In January, 1898, the defendant was removed from the presidency of the plaintiff. In February, 1898, the defendant directed the superintendent of the Rondout post office thereafter to deliver all letters addressed in the style in question in a private post-office box which he hired. The defendant has since received and opened all these letters. By reason of defendant's acts, the plaintiff's mail is greatly delayed, to the prejudice of plaintiff's business.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Howard Chipp, for appellant.

Arthur v. Briesen, for respondent.

LANDON, J.   The evidence shows that much the greater part of the numerous letters addressed "Dr. David Kennedy, Rondout, N. Y.," or "Dr. D. Kennedy, Rondout, N. Y.," are letters "in connection with the manufacture of the proprietary medicines," which, with the entire business connected therewith and the good will, the defendant, for a valuable consideration, sold to the plaintiff. The bill of sale given by the defendant to the plaintiff in 1890 contains this clause:

"Also, 'the good will' of the business of Dr. David Kennedy now carried on by me at Rondout, N. Y., with the sole and absolute and only right to use the names of 'Dr. David Kennedy, of Rondout, N. Y.,' or 'Dr. D. Kennedy, Rondout, N. Y.,' in connection with the manufacture of the proprietary medicines hereby granted and sold by me to the said corporation."

The contract, in case of doubt, must be construed most favorably to the vendee. Blackman v. Striker, 142 N. Y. 560, 37 N. E. 484. The intention of the parties, as found in the contract,—construed with reference to the facts present to the mind of both parties in making it,—must govern. Clark v. Devoe, 124 N. Y. 120, 26 N. E. 275. If doubts still remain, then weight may be given to the practical construction given to the contract by the parties themselves during the seven years in which they worked harmoniously together under it. Such practical construction by both parties, where one party has invested his money or so managed his business in reliance upon it that to reverse or change it would be to his prejudice, may—as we think it would in this case if it were needed—amount to an estoppel. Trustees v. Smith, 118 N. Y. 634, 23 N. E. 1002.

The following clause in the contract shows that the defendant meant to sell, without reserve, everything that could be reasonably embraced in the terms of the contract:

"And I do hereby agree, in consideration of such payment of $150,000, as aforesaid, to execute and deliver any other or further paper the said corporation may be advised is necessary and requisite to convey and vest more fully in the said corporation all my right, title, and interest of, in, and to all of the said property and business hereby sold to the said 'Dr. David Kennedy Corporation.' "

All we need to say is that the defendant must observe the terms of the contract in letter and spirit. He cannot in any degree pare them down. He has been paid for full observance, and he cannot retain full pay and return scant performance.

The evidence shows that, for seven years after such bill of sale, all letters so addressed were received by the plaintiff from the post office;

that since February, 1898, the defendant, claiming the right to do so, notwithstanding the protest of the plaintiff and its proper demand to the contrary, has first received the letters thus addressed, and retained such of them as he deemed proper, and then sent the others to the plaintiff. Thus, it appears—and other evidence is to the same effect—that the plaintiff is hindered and restricted by the act of the defendant in the enjoyment of its "sole and absolute and only right to use the names of 'Dr. David Kennedy, of Rondout, N. Y.,' or 'Dr. D. Kennedy, Rondout, N. Y.,' in connection with the manufacture of the proprietary medicines," and also in the full enjoyment of "the good will of the business of Dr. David Kennedy," specified in the bill of sale. Among the letters thus addressed are some which in no way concern the plaintiff, and the first receipt of the letters by the plaintiff will in some degree subject the defendant to inconvenience. That results from the fact that his proper name, "David Kennedy," and his trade-name, "Dr. David Kennedy, of Rondout, N. Y.," or "Dr. D. Kennedy, Rondout, N. Y.," have points of resemblance. His trade-name was salable property. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490; Caswell v. Hazard, 121 N. Y. 484, 24 N. E. 707; Cement Co. v. Le Page, 147 Mass. 206, 17 N. E. 304. The defendant sold it, and thus has been paid for this inconvenience. The trade-name was valuable when the plaintiff bought it, and the plaintiff has preserved its value, and probably greatly increased it by large expenditures in advertising it in connection with its business for the seven years in which the defendant himself remained the head and practical director of that business. It is an essential part of the name and fame of the plaintiff's business. It identifies its merchandise, preserves to it its established character, and tends to secure, and, we may assume, to extend and continue, its volume of business.

The suggestion that the plaintiff has abused or may abuse rights of the defendant not embraced within the bill of sale is not now pertinent. Such abuse, if it shall need judicial redress, will be considered when properly presented. Nor need we suggest to the defendant by what methods he can lessen, without prejudice to the plaintiff, the inconveniences which seem to annoy him. It is not a case in which an adequate remedy at law exists, and, on the plainest principles of equity, the plaintiff should have relief by injunction. Practically, there is no dispute about the material facts.

The judgment is reversed, and judgment directed for the plaintiff, with costs here and below; judgment to be settled by LANDON, J. All concur, except MERWIN and PUTNAM, JJ., dissenting.