DR. DAVID KENNEDY CORPORATION, Appellant, *v.* DAVID KENNEDY, Respondent.

36   599
m165a 353

*Trade name — sale of a proprietary medicine business to a corporation with the right to use the name of the proprietor — business letters addressed to it in the name of the proprietor who is its president — right of the corporation to an injunction restraining the proprietor, after his removal from the presidency, from receiving such letters — the fact that the proper name and the trade name are similar is not material.*

A physician named Dr. David Kennedy of Rondout, N. Y., engaged in the manufacture and sale of certain proprietary medicines, the chief of which were known as "Dr. Kennedy's Favorite Remedy," and "Dr. David Kennedy's Favorite Remedy," in November, 1890, sold the business to a corporation under the name "Dr. David Kennedy Corporation," by a bill of sale which contained the following clause: "Also 'the good will' of the business of Dr. David Kennedy now carried on by me at Rondout, N. Y., with the sole and absolute and only right to use the names of 'Dr. David Kennedy, of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y.,' in connection with the manufacture of the proprietary medicines hereby granted and sold by me to the said corporation." The corporation built up an extensive business by means of advertisements in which the

public were requested to correspond with Dr. David Kennedy, Rondout, N. Y.,
and such name and address were also on the packages. Until January, 1898,
Dr. Kennedy, who was the president of the corporation, conducted the business
personally, all mail matter connected therewith being directed to Dr. David
Kennedy or Dr. D. Kennedy, Rondout, N. Y., and opened at the corporation
office. In February, 1898, Dr. Kennedy, who had been removed from the
presidency of the corporation, directed the superintendent of the Rondout
post office to thereafter deliver all letters addressed Dr. David Kennedy or Dr.
D. Kennedy, Rondout, N. Y., in a private post office box hired by him, and
he has since received and opened such letters with the result that the corpora-
tion's mail has been greatly delayed to the prejudice of its business.

*Held*, that the corporation was entitled to an injunction restraining Dr. David
Kennedy from receiving the mail addressed "Dr. David Kennedy, Rondout,
N. Y.," or "Dr. D. Kennedy, Rondout, N. Y.;"

That the fact that the defendant's proper name and the trade name which he had
sold to the corporation had points of resemblance, might subject the defendant
to inconvenience was immaterial—the plaintiff having paid him for such
inconvenience.

APPEAL by the plaintiff, Dr. David Kennedy Corporation, from
a judgment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of Ulster on the 30th day of
August, 1898, upon the report of a referee dismissing the complaint
upon the merits, and also from an order made at the Dutchess
Special Term and entered in the office of the clerk of the county of
Ulster on the 30th day of August, 1898, granting the defendant an
extra allowance of costs.

The referee found :

*First.* This action is brought to obtain judgment that the plain-
tiff has the sole, only and absolute right to use the name or address
"Dr. David Kennedy, of Rondout, N. Y.," and "Dr. D. Kennedy,
of Rondout, N. Y.," as a form of address to it, and that the plaintiff
has a right to first receive and open all letters and other mail matters
so addressed, and received at the post office at Kingston and
Rondout Station, and that defendant be enjoined from taking or
receiving from such post offices any letters or other mail matter
addressed or directed "Dr. David Kennedy, Rondout, N. Y.," or
"Dr. D. Kennedy, Rondout, N. Y.," or from opening the same, or
in any manner interfering therewith, with damages, and such
further relief as may be just.

*Second.* The facts are in the main not in dispute, and the leading
facts from which the action arises are as follows:

The defendant, who is and was a regularly licensed physician and surgeon engaged in the practice of his profession at Rondout, N. Y., in the year 1875, engaged in the manufacture and sale of certain proprietary medicines, of his discovery, the chief of which was known as "Dr. Kennedy's Favorite Remedy," and "Dr. David Kennedy's Favorite Remedy."

To the manufacture, advertisement and sale of these remedies the defendant came to devote his entire attention, and such business became very extensive and profitable, and was so continued by him until, in the month of November, 1890, the plaintiff corporation was formed for the purpose of acquiring and carrying on such business in the proprietary medicines of defendant. Thereupon, the defendant, by his written agreement of sale and transfer, which forms a part of the complaint, transferred all his rights and interests in the manufacture and sale of said remedies to the plaintiff, he becoming the owner of one-third of the shares of the stock of the corporation, being 500 shares of the par value of $100 each. The defendant became the president of the plaintiff corporation, participated actively in its management, and had a private office in and in connection with the main office room of the plaintiff corporation.

The mail matter of the corporation, and much of the mail addressed to the defendant, was brought to the corporation office, and was opened by the defendant, or other officers of the corporation, under his supervision and approval.

On the 24th of January, 1898, the defendant ceased to be the president of the plaintiff, and a successor was elected in his place. His relation with the principal business office of plaintiff was no longer agreeable or friendly, and he withdrew from the office, and having been deposed from any business connection with the management of plaintiff, opened an office in another building, and resumed the practice of his profession as a physican and surgeon, and rented a box at the post office at Rondout, and directed the postmaster to place in it his mail matter addressed to him whether as "Dr. David Kennedy, Rondout, N. Y.," or "Dr. D. Kennedy, Rondout, N. Y."

A considerable amount of mail matter intended for the plaintiff came so addressed, was received by defendant, and when it appeared to be intended for the plaintiff was returned to it through the post

office.    It is this detention of mail matter of which the plaintiff complains, and for which it seeks relief in this action.

Other facts undisputed are:

This business was built up by the plaintiff by means of newspaper and circular advertising extensively throughout the United States, and it grew to large proportions.    In the advertisements special attention was called to the name " Dr. David Kennedy " and the address " Rondout, N. Y.," and the public were requested to correspond with Dr. David Kennedy, Rondout, N. Y., and were cautioned to make no mistake as to the address.

This name and address were also on the packages in which the bottles of medicine were inclosed and on the labels pasted on the bottles.

During the fifteen years the defendant conducted the business personally, all mail matter connected with the business came directed Dr. David Kennedy or Dr. D. Kennedy, Rondout, N. Y.

At first all the mail matter of the corporation, and afterwards a large portion of it, came directed to Dr. David Kennedy, or Dr. D. Kennedy, Rondout, N. Y., and this state of things continued to the present time and still continues.

The letters addressed Dr. David Kennedy or Dr. D. Kennedy, Rondout, N. Y., were from the time of the incorporation up to February 8, 1898, received by the corporation and opened by its officers and employees and in all respects treated as its letters without objection from the defendant.

The defendant had directed the postmaster in May, 1895, when free delivery was established, to deliver all letters addressed to him at his residence at such residence and to place all others in the corporation box as they belonged to the corporation.

This was done and continued up to about January 1, 1898.

In January, 1898, the defendant was removed from the presidency of the plaintiff.    In February, 1898, the defendant directed the superintendent of the Rondout post office thereafter to deliver all letters addressed in the style in question in a private post office box which he hired.

The defendant has since received and opened all these letters.

By reason of the defendant's acts, the plaintiff's mail is greatly delayed, to the prejudice of plaintiff's business.

*Howard Chipp,* for the appellant.

*Arthur V. Briesen,* for the respondent.

LANDON, J. :

The evidence shows that much the greater part of the numerous letters addressed to " Dr. David Kennedy, Rondout, N. Y.," or " Dr. D. Kennedy, Rondout, N. Y.," are letters " in connection with the manufacture of the proprietary medicines " which, with the entire business connected therewith and the good will, the defendant for a valuable consideration sold to the plaintiff.

The bill of sale given by the defendant to the plaintiff in 1890 contains this clause : " Also ' the good will ' of the business of Dr. David Kennedy now carried on by me at Rondout, N. Y., with the sole and absolute and only right to use the names ' Dr. David Kennedy, of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y.' in connection with the manufacture of the proprietary medicines hereby granted and sold by me to the said corporation."

The contract in case of doubt must be construed most favorably to the vendee. (*Blackman* v. *Striker,* 142 N. Y. 560.) The intention of the parties as found in the contract — construed with reference to the facts present to the mind of both parties in making it — must govern. (*Clark* v. *Devoe,* 124 N. Y. 120.) If doubts still remain then weight may be given to the practical construction given to the contract by the parties themselves during the seven years in which they worked harmoniously together under it. Such practical construction by both parties, where one party has invested his money or so managed his business in reliance upon it, that to reverse or change it would be to his prejudice, may, as we think it would in this case if it were needed, amount to an estoppel. (*Trustees* v. *Smith,* 118 N. Y. 634.)

The following clause in the contract shows that the defendant meant to sell without reserve everything that could be reasonably embraced in the terms of the contract : " And I do hereby agree, in consideration of such payment of one hundred and fifty thousand dollars as aforesaid, to execute and deliver any other or further paper the said corporation may be advised is necessary and requisite to convey and vest more fully in the said corporation all my right, title and interest of, in and to any and all of the said property and busi-

ness hereby sold or intended to be sold to the said 'Dr. David Kennedy Corporation."

All we need to say is that the defendant must observe the terms of the contract in letter and spirit. He cannot in any degree pare them down. He has been paid for full observance, and he cannot retain full pay and return scant performance.

The evidence shows that for seven years after such bill of sale all letters so addressed were received by the plaintiff from the post office ; that since February, 1898, the defendant, claiming the right to do so, notwithstanding the protest of the plaintiff and its proper demand to the contrary, has first received the letters thus addressed, and retained such of them as he deemed proper and then sent the others to the plaintiff.

Thus it appears, and other evidence is to the same effect, that the plaintiff is hindered and restricted by the act of the defendant in the enjoyment of its " sole and absolute and only right to use the names 'Dr. David Kennedy of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y.,' in connection with the manufacture of the proprietary medicines," and also in the full enjoyment of " 'the good will' of the business of Dr. David Kennedy," specified in the bill of sale.

Among the letters thus addressed are some which in no way concern the plaintiff, and the first receipt of the letters by the plaintiff will in some degree subject the defendant to inconvenience. That results from the fact that his proper name, " David Kennedy," and his trade name, " Dr. David Kennedy of Rondout, N. Y.," or " Dr. D. Kennedy, Rondout, N. Y.," have points of resemblance. His trade name was salable property. (*Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462 ; *Caswell* v. *Hazard*, 121 id. 484 ; *Russia Cement Co.* v. *Le Page*, 147 Mass. 206.) The defendant sold it and thus has been paid for this inconvenience. The trade name was valuable when the plaintiff bought it, and the plaintiff has preserved its value and probably greatly increased it by large expenditures in advertising it in connection with its business for the seven years in which the defendant himself remained the head and practical director of that business. It is an essential part of the name and fame of the plaintiff's business — it identifies its merchandise, preserves to it its established character, and tends to secure and, we may assume, to extend and continue its volume of business.

The suggestion that the plaintiff has abused, or may abuse, rights. of the defendant not embraced within the bill of sale, is not now pertinent. Such abuse, if it shall need judicial redress, will be considered when properly presented. Nor need we suggest to the defendant by what methods he can lessen, without prejudice to the plaintiff, the inconveniences which seem to annoy him.

It is not a case in which an adequate remedy at law exists, and on the plainest principles of equity the plaintiff should have relief by injunction.

Practically, there is no dispute about the material facts.

The judgment is reversed and judgment directed for the plaintiff with costs here and below. Judgment to be settled by LANDON, J.

All concurred, except MERWIN and PUTNAM, JJ., dissenting.

Judgment reversed and judgment directed for plaintiff, with costs. here and below. Judgment to be settled before LANDON, J.